UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY PARKER,

    Plaintiff,

v.                                   CASE No. 8:09-CV-1177-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## ORDER

The plaintiff in this case seeks judicial review of the termination of his Social Security disability benefits.* Because the decision of the Commissioner of Social Security fails to evaluate the plaintiff's obesity, the decision will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was fifty-seven years old at the time of the administrative hearing and who has had some college education, has worked primarily as an assistant control operator of a power plant (Tr. 303, 304). The

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

plaintiff previously filed an application for benefits, alleging that he became disabled due to hepatitis C, depression, short-term memory loss, fatigue, shortness of breath, high blood pressure, diabetes, hearing loss, and arthritis (Tr. 78). The plaintiff was awarded benefits as of April 26, 2002, based on a combination of impairments of depressive disorder and an anxiety disorder (Tr. 16, 36). Upon subsequent continuing disability review, the plaintiff was found no longer disabled as of December 1, 2005 (Tr. 39). This determination was upheld upon reconsideration.

The plaintiff, at his request, received a de novo hearing before an administrative law judge. The law judge found that, as of December 1, 2005, medical improvement occurred and that the plaintiff's major depression was in partial remission (Tr. 16). The law judge indicated that, as of December 1, 2005, the plaintiff continues to suffer from severe impairments of hepatitis C, depression/anxiety, diabetes mellitus, and history of right knee replacement (Tr. 17). The law judge concluded that these impairments restricted the plaintiff to medium work involving routine predictable tasks, with a frequent limitation for kneeling, bending, and climbing, and an occasional limitation in concentration on tasks assigned (id.). The law judge

found that these limitations prevented the plaintiff from performing past work (Tr. 19). However, the law judge determined, based upon the testimony of a vocational expert, that the plaintiff could perform jobs that exist in significant numbers in the national economy, such as packer, grocery bagger, and bus boy (Tr. 20). Accordingly, the law judge decided that the plaintiff's disability ended as of December 1, 2005 (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff was previously found disabled due to a mental impairment. His mental condition was subsequently found to have improved, so that he was no longer disabled on that basis. The plaintiff does not challenge any aspect of that determination. Rather, he contends, in two related arguments, that the law judge's further analysis was deficient because the law judge failed to evaluate the plaintiff's impairment of obesity. That contention has merit and warrants reversal.

The plaintiff, who was fifty-seven years old at the time of the hearing, stands 5' 9" and weighs about 292-295 pounds (Tr. 312). In the medical evidence from the relevant time period, doctors referred to the

plaintiff's obesity (Tr. 156, 240). In a report near the time of the hearing, Dr. M. Mujahid Baig stated that the plaintiff had a history of obesity (Tr. 282) and that the plaintiff was "morbidly obese" (Tr. 283). The law judge, however, did not even mention the plaintiff's weight and height, and, more significantly, did not evaluate an impairment of obesity.

The thrust of plaintiff's contention is that the law judge, "did not reference the claimant's obesity and therefore failed to consider the impact of obesity as a physical impairment, including symptoms of fatigue and other exertional impairments" (Doc. 21, p. 10). In this respect, the plaintiff relies on Social Security Ruling 02-1p, 2000 WL 628049 (S.S.A.), which provides that, "[a]s with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations." 2000 WL 628049 at *7 (S.S.A.).

The Commissioner responds that the plaintiff's claim of obesity should be disregarded because he did not raise it in his application and his testimony (Doc. 22, pp. 6-7). While I have applied the principle that a law judge's failure to consider an impairment is appropriately disregarded if it was not set forth in the application and not mentioned in the testimony,

Hernandez-Ramirez v. Astrue, 2009 WL 2876771 (M.D. Fla. 2009), that principle is inapposite here.

At the hearing, the plaintiff's attorney specifically asked about the "obesity issue," and the plaintiff responded, "I've had it recommended to me and I'm in the process of getting all the clearances to have lap-band surgery" (Tr. 312). The plaintiff explained further that he had had a right knee replacement, which was now bothering him and may require adjustments (Tr. 313). As to the left knee, the plaintiff said (id.):

> The left knee, if I don't lose some weight quickly, it's probably going to have to be operated on also and replaced. I'm hoping that if I get the bypass I will lose, at least, a hundred pounds and get enough pressure off of the knee to keep from having to have – be replaced.

The plaintiff added that he has "very sharp pain most of the time" (id.).

This testimony clearly raised the issue of obesity and required an evaluation of that impairment by the law judge. In Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986), the Eleventh Circuit ruled that the law judge "must state specifically the weight accorded each item of [impairment]

evidence and the reasons for his decision" on such evidence. The law judge's failure to evaluate the plaintiff's impairment of obesity violates that principle.

The Commissioner argues that the law judge's failure to address the plaintiff's obesity was harmless error. That contention is unpersuasive.

In the first place, the court is not authorized to evaluate the plaintiff's obesity to determine whether it is a severe or nonsevere impairment and, if it is a severe impairment, to decide what the functional limitations from that impairment are. That responsibility is assigned to the law judge. Consequently, the harmless error doctrine cannot be employed since it would require the court to undertake a task that has been committed to the law judge.

Nevertheless, I will add that, if that assessment were undertaken, it would not benefit the Commissioner. Thus, if I were the fact-finder – which I am not – I would not conclude that a fifty-seven year old man who is 5' 9" and weighs approximately 290 pounds and has bad knees (as well as other problems) could stand and walk for six hours out of an eight-hour day and be required to lift and carry twenty-five pounds frequently and lift fifty pounds occasionally. See 20 C.F.R. 404.1567(c).

In support of the harmless error argument, the Commissioner asserts that no treating or examining physician set forth any functional limitations due to obesity (Doc. 22, p. 9). Of course, this contention is defeated by the conclusion previously explained that this court is not authorized to undertake an assessment of the plaintiff's obesity. Regardless of this conclusion, the additional contention carries no weight. No treating or examining physician set forth any functional limitations concerning any physical impairment, including those the law judge found to be severe. In light of this circumstance, the absence of a statement regarding functional limitations from obesity does not warrant an inference that there were none.

In short, the law judge's failure to address the impairment of obesity contravenes Gibson v. Heckler, supra. That error, moreover, cannot be found to be harmless. Consequently, a reversal is warranted.

It is appropriate to add that, on remand, the Commissioner would be entitled to conclude that the plaintiff's obesity does not constitute a severe impairment and does not impose functional limitations. Any such conclusion, however, needs to be adequately, and reasonably, explained.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby REVERSED and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 3rd day of April, 2010.

*[signature]*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE